IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID KNOTT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | No. 24-cv-03067-CRL-KLM |
| ) | |
| MICHAEL W. FRERICHS, in his official ) | |
| capacity as Illinois State Treasurer, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants, EDWARD R. BONIFAS, ANTHONY CALDERONE, DEAN GLUTH, ANNE GRUBER, TONY MAJKA, DAVID PACK, SCOTT PENNY, JAMES TAFF, MARIO TRETO, JR., AMY LIPKIS, MARGARET DALEY, and CORTNEY WASCHER, ("Board Members") in their official capacity as members of the Illinois Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Board, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, respectfully request that this Honorable Court dismiss Plaintiffs' Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Defendant Board Members state as follows:

**INTRODUCTION**

On March 15, 2024, Plaintiffs David Knott ("Knott") and United Asset Recovery ("UAR") filed their Complaint pursuant to the First and Fourteenth Amendments, the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. *See* Doc. 1-1 ("Compl."). Plaintiff Knott is a California-based individual and UAR is a California corporation, wholly owned by Knott, engaged in the business of finding unclaimed assets nationwide, including

in the State of Illinois. *Id.* at ¶32. Some asset finders, including the Plaintiffs, provide their services using a contingent commission based on the value of recovered assets. *Id.* at ¶¶30, 55, 56. Neither Knott nor any employee of UAR holds a private detective license in Illinois or any other state. *Id.* at ¶¶13,14, 66. On August 5, 2021, Illinois Treasurer Michael Frerichs sent a letter to the Plaintiffs ordering them to stop attempting to recover unclaimed property on behalf of their clients unless they obtained private detective licenses in Illinois, citing 765 ILCS 1026/15-1302 and 74 Illinois Administrative Code §760.650. *Id.* at ¶¶60, 64.

Plaintiffs brought suit against Michael Frerichs, in his official capacity as Illinois State Treasurer ("Treasurer"); Mario Treto, Jr., in his official capacity as Secretary of the Illinois Department of Financial and Professional Regulation ("IDFPR"); Edward R. Bonifas, in his official capacity as chairman and a member of the Illinois Private Detective, Private Alarm, Private Security, Fingerprint Vendor and Locksmith Board (225 ILCS 447/50-10); and the Board Members, in their capacities as members of the Illinois Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Board. Compl. at ¶¶15-19.  Specifically, Plaintiffs' complaint concerns the enforcement of 765 ILCS 1026/15-1302(e), ("Unclaimed Property Act") which provides:

> **(e)** A person attempting to collect a contingent fee for discovering, on behalf of an apparent owner, presumptively abandoned property must be licensed as a private detective pursuant to the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 [225 ILCS 447/5-3 et seq.].

and 74 Illinois Administrative Code 760.650(c)(2) ("the Code"), which provides:

> **c)** For claims in which a finder is assisting an apparent owner, the following shall be submitted to the administrator:
> **1)** a signed, dated and notarized copy of the contract between the finder and the apparent owner that satisfies the requirements of the Act, specifies the obligations of the parties, and establishes the fee arrangement between the finder and claimant; and

> **2)** if the finder charges a contingent fee, a copy of the active private detective license issued by the Illinois Department of Financial and Professional Regulation to the finder.

*Id.* at ¶65. (*collectively,* "the licensing requirement").

Plaintiffs' Complaint argues that the licensing requirement is unconstitutional because Knott's "work helping his clients find and recover unclaimed property is entirely covered by the First Amendment's speech and petition clauses. And, even if it weren't, the Fourteenth Amendment prohibits Illinois from banning (Knott) from his occupation unless he obtains an irrelevant and burdensome license." *Id.* at ¶7. Specifically, Plaintiffs allege that reading, analyzing, communicating and compiling information and documents concerning their clients' or potential clients' unclaimed property is speech fully protected by the First Amendment, that the Unclaimed Property Act and the Code constitute a content-based restriction on speech and that enforcement of them suppresses the Plaintiffs' First Amendment rights of speech. *Id.* at ¶¶ 114, 116, 125. Plaintiffs further allege that communicating truthful documents and Information to the Treasurer identifying Plaintiffs' clients as the owners of unclaimed property to allow the Treasurer to return that property in fulfillment of his statutory duties is petitioning the government within the meaning of the First Amendment and that the Code, on its face and as applied, restrains their ability to communicate with the Treasurer. *Id.* at ¶130, 139. Additionally, Plaintiffs assert that the licensing requirement of the Private Detective Act and Code prevent the Plaintiffs from pursuing the occupation of their choosing, thereby depriving them of "life, liberty, or property, without due process of law" under the Fourteenth Amendment. *Id.* at ¶¶ 143, 144,146. Finally, Plaintiffs allege that Defendants, by barring them from finding and recovering unclaimed property without a private detective license, Defendants are abridging their "privileges or immunities' under the Fourteenth Amendment. *Id.* at ¶ 160.

**STATEMENT OF FACTS**

The Revised Uniform Unclaimed Property Act, 765 ILCS 1026, *et seq.* (Lexis 2024), establishes procedures by which unclaimed property is turned over to the State, where it is held in trust. Compl. ¶24. The Treasurer is the administrator and holds the property as custodian for the property's owner. *Id.* at ¶ 24. The Treasurer "must honor" a claim for property and "shall pay or deliver" it to the claimant "if the administrator receives evidence sufficient to establish to the satisfaction of the Treasurer that the claimant is owner of the property. *Id.* at ¶ 25. An asset finder may collect a contingent fee for discovering, on behalf of an apparent owner, presumptively abandoned property, provided the asset finder is a licensed private detective. *Id.* ¶at 65.

The Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004, 225 ILCS 447/5, *et. seq.* (Lexis 2024) was enacted to regulate persons, corporations and firms licensed under the Act for the protection of the public. Among other things, the Private Detective Act establishes qualifications for licensure as a private detective and penalties for practicing or attempting to practice private detective work without a license. Compl. At ¶¶ 74, 85. Additionally, the Private Detective Act also establishes the Board, determines the length of member's terms, their compensation, duties and potential liability. 225 ILCS 447/50-10(a)-(h).

Plaintiffs' Complaint seeks declaratory relief and injunctive relief and asks this Court to declare that Defendants' future enforcement of 765 ILCS 1026/15-1302(e) and 74 Illinois Administrative Code section 760.650(c)(2) violate the First and Fourteenth Amendments on their face and as applied to Plaintiffs. Compl. At ¶10. Plaintiffs further seek a permanent injunction enjoining future enforcement of 765 ILCS 1026/15-1302(e) and 74 Illinois Administrative Code section 760.650(c)(2) on their face and as applied to Plaintiffs. Finally, Plaintiffs seek attorney's fees and costs under 28 U.S.C. Section 1988 and any other applicable statute.

Defendant Board Members move to dismiss Plaintiffs' Complaint against them for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have insufficiently pleaded that Defendant Board Members' actions were willful or wanton, that the Board Members had authority to enforce the contested Unclaimed Property Act or Code or that the Secretary of the IDFPR and/or the Board Members were necessary parties to this action.

## STANDARD OF REVIEW

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient facts that when assumed true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Offering nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft*, 556 U.S. at 678.

## ARGUMENT

**I.   PLAINTIFFS' CLAIMS AGAINST BOARD MEMBERS MUST BE DISMISSED BECAUSE THEIR ACTS WERE NOT WILLFUL, WANTON, OR INTENTIONAL.**

Plaintiffs' complaint fails to allege that any acts, omissions, decisions or other conduct by Board Members was willful, wanton, or intentional and therefore, Plaintiff's claim against Board Members must be dismissed. The Illinois Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Board Act ("Private Detective Act") provides:

> Board members are not liable for their acts, omissions, decisions, or other conduct in connection with their duties on the Board, except those determined to be willful, wanton or intentional misconduct.

225 ILCS 447/50-10(e).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.").

In the instant matter, Plaintiffs' allegations fail to meet the threshold to establish a cause of action against the Board Members. Plaintiffs' complaint against the Board Members is in their official capacity only, alleges only that they were performing their statutory duties and fails to allege any willful, wanton or intentional misconduct. Therefore, the Private Detective Act bars any action against them based on their actions and Plaintiffs' claims against them must be dismissed.

## II. PLAINTIFFS' CLAIM AGAINST BOARD MEMBERS MUST BE DISMISSED BECAUSE THEY ARE NOT RESPONSIBLE FOR ENFORCEMENT OF THE CONTESTED STATUTUES.

Plaintiffs assert in their complaint that Board Members' alleged enforcement of 74 Illinois Administrative Code §760.650(c)(2) violates their First Amendment Rights to Freedom of Speech and to Petition, as well as their Fourteenth Amendment Due Process and Privileges or Immunities Clauses. However, the Private Detective Act does not charge Board Members with enforcing the Code. The Private Detective Act provides that "[t]he Board may recommend policies, procedures, and rules relevant to the administration and enforcement of this Act." 225 ILCS 447/50-10(h).

As noted in Plaintiffs' complaint, Frerichs, in his official capacity as Treasurer, is the Administrator of the Illinois Revised Uniform Unclaimed Property Act and, as such, is authorized to enforce it. [Doc. 1, ¶15]. *Citing* 765 ILCS 1026/15-102(1). Conversely, Board Members are not authorized to enforce the Act and are, therefore, inappropriate parties to this action.

**III. THE SECRETARY AND BOARD MEMBERS ACTING IN THEIR OFFICIAL CAPACITIES ARE UNNECESSARY PARTIES TO THIS ACTION AS THE TREASURER ACTING AS ADMINISTRATOR MAY EFFECTUATE THE RELIEF REQUESTED, IF SO ORDERED.**

Here, the Secretary of IDFPR and the Board Members are named only in their official capacities. "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Given that the Complaint names the Treasurer in his official capacity and, as Administrator of the Illinois Revised Uniform Unclaimed Property Act, the Treasurer may effectuate any ordered relief, the Board Members and Secretary are unnecessary parties and "superfluous" to the claim. See *Jackson v. Marion County Sheriff's Dept,* 1995 U.S. App. LEXIS 27069 (7th Cir. 1995). Therefore, both the Secretary and Board Member Defendants should be dismissed from this action.

## CONCLUSION

Plaintiffs' Complaint against the Secretary of IDFPR and its Board Members must be dismissed. Plaintiffs failed to allege or assert that Board Members' actions, omissions, decisions, or other conduct constituted willful, wanton or intentional misconduct. Furthermore, Board Members, in their official capacity, are not responsible for enforcement of the Act about which Plaintiffs are complaining. Finally, both the Secretary of IDFPR and the Board Member Defendants are unnecessary parties in light of the fact that the Treasurer, as Administrator, may effectuate any ordered relief.

WHEREFORE, for the above reasons, Defendants Secretary of the IDFPR and Board Members respectfully request that this honorable Court grant their motion and dismiss Plaintiffs' Complaint against them.

Respectfully submitted,

EDWARD BONIFAS, MARIO TRETO, JR., ANTHONY CALDERONE, DEAN GLUTH, ANNE GRUBER, TONY MAJKA, DAVID PACK, SCOTT PENNY, JAMES TAFF, AMY LIPKIS, MARGARET DALEY, and CORTNEY WASCHER,

Defendants,

Megan Ditzler, #6318052
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(217) 557-7081 Phone
(217) 782-8767 Fax
Email: megan.ditzler@ilag.gov
& gls@ilag.gov

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

By: s/ Megan Ditzler
Megan Ditzler, #6318052
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAVID KNOTT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) No. 24-cv-03067-CRL-KLM |
| | ) |
| MICHAEL W. FRERICHS, in his official capacity as Illinois State Treasurer, et al., | ) ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, the foregoing document, *Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert Johnson – rjohnson@ij.org
James T. Knight, II – jknight@ij.org
Steven Sturm – ssturm@illinoistreasurer.gov

and I hereby that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

None

Respectfully submitted,

By: s/ Megan Ditzler
Megan Ditzler, #6318052
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(217) 557-7081 Phone
(217) 782-8767 Fax
Email: megan.ditzler@ilag.gov
& gls@ilag.gov