IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DAVID KNOTT, et al., )
)
   Plaintiffs, )
)
v. ) Case No. 24-cv-3067
)
MICHAEL W. FRERICHS, in his )
official capacity as Illinois State )
Treasurer, et al., )
)
   Defendants. )

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Defendants'[1] Motions to Dismiss. (Docs. 11, 14).

## I.    PROCEDURAL BACKGROUND

On March 14, 2024, Plaintiffs David Knott and United Asset Recovery, Inc. ("UAR") filed their Complaint against Defendants alleging First and Fourteenth Amendment violations, pursuant to 42 U.S.C. § 1983. (Doc. 1). All four counts stem from Defendants' enforcement of the Unclaimed Property Act, 765 ILCS 1026/15-1302(e), and 74 Illinois Administrative Code 760.650(c)(2) ("the Code"). (*Id.*). In Count I, Plaintiffs allege that reading, analyzing, communicating, and compiling information and

---

[1] The Defendants in this matter include: Michael Frerichs, in his official capacity as the Illinois State Treasurer; Mario Treto, Jr., in his official capacity as the Secretary of the Illinois Department of Financial and Professional Regulation; Edward R. Bonifas, in his official capacity as the Chairman of the Illinois Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Board ("the Board"); and Anthony T. Calderone, Dean J. Gluth, Anne M. Gruber, Tony Majka, David Pack, Margaret A. Daley, Scott E. Penny, James C. Taff, Cortney Anderson Wascher, and Aimee Lipkis, in their official capacities as members of the Board. With the exception of Frerichs, the Defendants are collectively referred to as "Board Member Defendants."

documents concerning their clients' unclaimed property is speech protected by the First Amendment, and that the regulations constitute a content-based restriction on their speech. (*Id.* at ¶¶111-26). In Count II, Plaintiffs allege the Code, on its face and as applied, restrains their ability to communicate with the Treasurer, in violation of their First Amendment right to petition the Government. (*Id.* at ¶¶127-41). In Count III, Plaintiffs assert the licensing requirement prevents the Plaintiffs from pursuing the occupation of their choosing, in violation of their Fourteenth Amendment due process rights. (*Id.* at ¶¶142-57). In Count IV, Plaintiffs allege Defendants are abridging their privileges or immunities, as guaranteed to them by the Fourteenth Amendment. (*Id.* at ¶¶158-62). Board Member Defendants and Defendant Frerichs each moved separately to dismiss Plaintiff's Complaint under Rule 12(b)(6).

## II.    FACTUAL BACKGROUND

In Illinois, holders of unclaimed property are required to turn the property over to the state treasurer under 765 ILCS 1026/15-603. (Doc. 1 at ¶23). The Treasurer "must honor" a claim for property and "shall pay or deliver" it to the claimant "if the administrator receives evidence sufficient to establish to the satisfaction of the [Treasurer] that the claimant is the owner of the property." (*Id.* at ¶25). Unclaimed asset finders search public databases of unclaimed property, then contact the property owners to help recover the assets. (*Id.* at ¶28).

Knott is a California-based individual and UAR is a California corporation, owned by Knott, engaged in the business of finding unclaimed assets nationwide, including in the State of Illinois. (*Id.* at ¶¶ 13-14, 35). Some asset finders, including the Plaintiffs,

provide their services using a contingent commission based on the value of recovered assets. (*Id.* at ¶¶30, 55).

On August 5, 2021, Illinois Treasurer Frerichs sent a letter to Plaintiffs ordering them to stop attempting to recover unclaimed property on behalf of their clients unless they obtained private detective licenses in Illinois as required by the Unclaimed Property Act and the Code. (*Id.* at ¶¶60, 64). The letter indicated Plaintiffs were violating Illinois law by finding assets and submitting claims to recover those assets. (*Id.* at ¶63).

The Unclaimed Property Act provides:

> A person attempting to collect a contingent fee for discovering, on behalf of an apparent owner, presumptively abandoned property must be licensed as a private detective pursuant to the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 [225 ILCS 447/5-3 et seq.].

765 ILCS 1026/15-1302(3). The Code requires any claim for property submitted to the Treasurer where a "finder is assisting an apparent owner" to include "a copy of the active private detective license issued by the Illinois Department of Financial and Professional Regulation to the [asset] finder" if the finder charges a contingent commission. 74 Ill. Admin. Code 760.650(c)(2). Under the Illinois Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 ("Private Detective Act"), practicing (or attempting to practice) private detective work without a license is a Class A misdemeanor, elevated to a Class 4 felony for "second or subsequent violation[s]." (*Id.* at ¶85) (*citing* 225 ILCS 447/45-50(a)).

Neither Knott or any employee of UAR holds a private detective license in Illinois or any other state. (*Id.* at ¶69). Since receiving the letter, plaintiffs have not assisted any clients with recovery of unclaimed property in Illinois. (*Id.* at ¶96).

In order to obtain a private detective license, an individual must spend at least three years working as a detective or investigator and pass an exam. (*Id.* at ¶72). Alternatively, the individual could have three years of "experience working fulltime for a private detective agency licensed in another state or for a private detective agency in a state that does not license such agencies if the experience is substantially equivalent" to that of an Illinois private detective. (*Id.* at ¶74) (*citing* 225 ILCS 447/15-10(a)(6)). The exam includes questions on topics, including evaluating crime scenes, interviewing and interrogation, and firearm regulations, but does not include questions on unclaimed property. (*Id.* at ¶81).

### III. DISCUSSION

#### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true, and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458. To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly

demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

### B. Analysis

Frerichs argues Plaintiff's claims are untimely and they lack standing to assert claims unrelated to the August 5, 2021 letter. In their Motion to Dismiss, Board Member Defendants argue that the claims against them must be dismissed because: (1) their actions were not willful, wanton, or intentional; (2) they are not responsible for the enforcement of the statutes; and (3) they are unnecessary parties.

#### 1. Defendant Frerichs

Defendant Frerichs asserts the claims are untimely because they were not brought within the applicable statute of limitations. Courts look to the law of the state in which the injury occurred to determine the statute of limitations in a Section 1983 case. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for Section 1983 actions in Illinois is two years. *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015). A cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal alterations and citations omitted). Accrual "occurs when a plaintiff knows the fact and the cause of an injury." *O'Gorman*, 777 F.3d at 889.

Here, the cause of action accrued on August 5, 2021, when Plaintiffs received the letter from Frerichs. Ordinarily, that would make Plaintiffs' March 15, 2024 Complaint

untimely. However, courts in this circuit have recognized that the statute of limitations for Section 1983 claims does not apply to facial constitutional challenges, so long as the statute remains in effect. *See Peterson v. Vill. of Downers Grove*, 103 F. Supp. 3d 918, 924 (N.D. Ill. Apr. 27, 2015) (finding that an action seeking a declaration as to the constitutionality of sign restrictions is not subject to the two-year statute of limitations period); *Lavey v. City of Two Rivers*, 994 F. Supp. 1019, 1023 (E.D. Wis. 1998) ("[I]t is doubtful that an ordinance facially offensive to the First Amendment can be insulated from challenge by a statutory limitations period."), *aff'd on other grounds* 171 F.3d 1110 (7th Cir. 1999). Neither party nor the Court were able to locate a case where the Seventh Circuit has ruled on this issue. This Court adopts the rule of other district courts in this circuit based on the well-reasoned analysis that a constitutional challenge cannot be insulated by the statute of limitations. Because Plaintiffs are asserting constitutional challenges to statutes that remain in effect, the two-year statute of limitations does not apply.

Defendant Frerichs also argues Plaintiffs do not have standing to assert claims unrelated to the letter. A plaintiff must establish Article III standing to bring an action in federal court for declaratory or injunctive relief. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). Article III standing requires a plaintiff to show three elements: (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citation omitted). In this case, Defendant only argues Plaintiffs cannot show an injury-in-fact.

An allegation of a future injury may satisfy the injury-in-fact requirement "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List*, 573 U.S. at 158 (internal quotations omitted). The injury-in-fact requirement is satisfied if a plaintiff alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id.* at 160. However, a plaintiff does not establish jurisdiction if he fails to allege that he has been threatened with prosecution, that a prosecution is likely, or that a prosecution is remotely possible. *Babbitt v. United Farm Workers Nat'l*, 442 U.S. 289, 298-99 (1979).

A showing of prior enforcement is not necessary to establish the injury-in-fact requirement in a pre-enforcement challenge. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). The plaintiff is only required to show that he "faces 'a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.'" *Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 473 (7th Cir. 2012) (citing *Babbitt*, 442 U.S. at 298). "[T]he existence of a statute implies a threat to prosecute, so pre-enforcement challenges are proper, because a probability of future injury counts as 'injury' for the purpose of standing." *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010). Additionally, in the context of First Amendment challenges, "self-censorship" has been recognized as a "harm that can be realized even without an actual prosecution." *Ctr. for Individual Freedom*, 697 F.3d at 474 (citing *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393 (2012). Therefore, the chilling of protected speech may thus alone qualify as a cognizable Article III injury,

provided the plaintiffs "have alleged an actual and well-founded fear that the law will be enforced against them." *Id.*

Here, Plaintiffs have established standing based on a threat of future enforcement of the statutes. Plaintiffs have alleged that, prior to receiving the letter, they had numerous clients in Illinois where they assisted with recovery of more than $600,000 in unclaimed property from Illinois. (Doc. 1 at ¶59). Plaintiffs also alleged that they would resume offering their services to "clients [and] potential clients" in Illinois "[b]ut for Defendants' enforcement of" the license requirement. (*Id.* at ¶¶108-09).

Additionally, Plaintiffs have established "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Ctr for Individual Freedom*, 697 F.3d at 473. The 2021 letter indicated Plaintiffs were acting in violation of Illinois law and directed them to cease their operations and obtain the requisite license. Defendant argues that Plaintiffs' claim should be dismissed because there is no allegation that any finder has been prosecuted or fined under the statute. However, the statute states that a person who operates or attempts to operate a private detective agency without a valid license is guilty of either a Class A misdemeanor or a Class 4 felony and may be subject to a fine of up to $10,000 for each violation. 225 ILCS 447/45-50; 225 ILCS 447/40-10(a). The existence of these statutes is evidence of a threat to prosecute. *Bauer*, 620 F.3d at 708. Therefore, the Court finds Plaintiff can demonstrate an injury-in-fact and has standing to bring these claims. Therefore, Defendant Frerichs' Motion to Dismiss is DENIED.

### 2. Board Member Defendants

Board Member Defendants rely on the Private Detective Act for the proposition that they are not liable in connection with their duties on the board unless those actions constitute willful, wanton, or intentional misconduct. *See* 225 ILCS 447/50-10(e). In response, Plaintiffs argue the Board Members were sued under 42 U.S.C. § 1983, which pre-empts any state-law defense.

Section 1983 holds government defendants liable where defendants "subject[ ] or cause[ ] to be subjected, any citizen ... or other person ... to the deprivation of any rights" guaranteed by federal law. 42 U.S.C. § 1983. In *Martinez v. State of Cal.*, 444 U.S. 277, 284 n.8 (1984), the Supreme Court made clear that conduct which is wrongful under Section 1983 "cannot be immunized by state law." For example, in *Eberhardt v. Vill. of Tinley Park*, 2024 IL App (1st) 230139, ¶68, the Illinois Appellate Court noted that although individuals making reports to the ARDC enjoy absolute immunity from state law tort liability, the same immunity does not apply to federal civil rights violations. Likewise, in the instant case, although the Private Detective Act immunizes board members from conduct under state law, it cannot immunize them from allegations of federal civil rights violations. *See Martinez*, 444 U.S. at 284 n.8. Therefore, Defendants' Motion to Dismiss is denied on this basis.

Next, Board Member Defendants argue they are not responsible for the enforcement of the contested statutes. Plaintiffs contend the Board has the authority to administer private detective licenses and enforce the license requirements, so it should not be dismissed. Government officials are proper defendants to a "suit to enjoin the

enforcement of an act alleged to be unconstitutional" when they have "some connection with the enforcement of the act" and are threatening "to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act." *Ex parte Young*, 209 U.S. 123, 157 (1908).

The Private Detective Act establishes the licensing and disciplinary provisions relevant to this case. Under the Act, the Board is charged with "recommend[ing] policies, procedures, and rules relevant to the enforcement of this Act." 225 ILCS 447/50-10. The Act also indicates that the Department of Financial and Professional Regulation ("the Department") is tasked with authorizing examinations, denying the issuance of licenses, conducting disciplinary hearings, issuing sanctions—including civil penalties, and adopting rules required for the administration of the Act. 225 ILCS 447/50-15; 225 ILCS 447/40-10; 225 ILCS 447/45-50. During disciplinary hearings, the Board hears the evidence and recommends the appropriate action to the Secretary of the Department, but the Secretary ultimately determines the appropriate sanction. 225 ILCS 447/45-10.

Defendant Treto, as the Secretary of the Department, is subject to suit. He has the ultimate authority to issue sanctions and the Department is charged with the enforcement of the Act. As for the remaining Board Member Defendants, the Board's main functions include recommending policies and regulations, overseeing disciplinary hearings, and making the initial disciplinary recommendation to the Secretary. This demonstrates that the Board has "some connection with the enforcement of the act," even if it is not the ultimate decision-maker. Therefore, all Board Member Defendants are proper defendants in this case.

Finally, Board Member Defendants argue they are unnecessary parties and "superfluous" to the claim because the Treasurer may effectuate any ordered relief. The Board Member Defendants rely on *Jackson v. Marion County Sheriff's Dep't*, 1995 U.S. App. LEXIS 27069 (7th Cir. 1995), to support their argument. In that case, the Seventh Circuit held that government officials named in their official capacities were properly dismissed. *Jackson*, 1995 U.S. App. LEXIS 27069 at *2. Significantly, the governmental entities were also named in the suit. *Id.* The Seventh Circuit reasoned that the officers were properly dropped *because* the plaintiff was still able to pursue an identical claim against the entity. *Id.* The Seventh Circuit quoted *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), for the proposition that "[t]here is no longer a need to bring official-capacity actions against local government officials," when "local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at *2-3.

Here, Plaintiffs are not pursuing claims against the Department or the Board directly. Additionally, the Board Member Defendants are necessary parties to the litigation because the decision to discipline unlicensed private detective rests with the Board and the Department. Therefore, the reasoning in *Jackson* does not apply and the Board Member Defendants are not superfluous to this case. Thus, the Board Member Defendants' Motion to Dismiss is also DENIED.

## IV. CONCLUSION

For all of these reasons, the Board Member Defendants' Motion to Dismiss (Doc. 11) is DENIED. Defendant Frerichs' Motion to Dismiss (Doc. 14) is also DENIED.

ENTER: March 31, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE