E-FILED
Tuesday, 26 May, 2026 09:39:45 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DAVID KNOTT, et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>MICHAEL W. FRERICHS, in his official capacity as Illinois State Treasurer,<br><br>Defendant. | ) | No. 24-cv-03067-CRL-DJQ |

**JOINT MOTION FOR TEMPORARY STAY AND EXTENSION OF ALL DEADLINES**

NOW COME the parties, by and through their respective counsel, and hereby request a stay, and revision of the scheduling order in this matter to include stay and extension of the discovery and dispositive motion deadlines. In support thereof, the parties state the following:

1. On June 26, 2025, this Court adopted, with minor modifications, the parties' proposed scheduling order, setting various deadlines for discovery is this matter. [Dkt. 6/26/25].

2. According to the schedule, fact discovery is set to close by June 1, 2026. [*Id.*], unless the schedule is modified.

3. This case is scheduled for a status hearing on June 8, 2026. [*See* Dkt. 2/17/26].

4. On April 17, 2026, Plaintiffs' counsel sent two discovery requests to Defendant's former counsel, Assistant Attorney General Bernard Slater, by email: (1) Plaintiff's First Set of Interrogatories (per Rule 33 of the Federal Rules of Civil Procedure), and (2) Plaintiff's First Requests for Production of Documents (per Rule 34 of the Federal Rules of Civil Procedure).

5. As of April 28, 2026, Defendant's prior counsel in this matter, former Assistant Attorney General Slater, is no longer employed with the Office of the Illinois Attorney General. Accordingly, this case was transferred to the undersigned Assistant Attorney General. The

undersigned Assistant Attorney General filed his Notice of Appearance [Doc. 50] and Motion to Substitute as Defendant's attorney [Doc. 51] on April 28, 2026. This Court granted Defendant's Motion to Substitute Counsel on April 28, 2026, terminating former Assistant Attorney General Slater as counsel for Defendant. [ECF 52].

6. Defendant's counsel requires more time to familiarize himself with this newly assigned matter and assist Defendant in responding to the pending discovery requests, including but not limited to reviewing the file, discussing with Defendant, reviewing the discovery materials with Defendant, performing searches for requested information and documents, investigating relevant documents, reviewing matters for privilege, preparing responses, issuing written discovery requests to Plaintiffs, etc. Furthermore, it is apparent that due to the nature and scope of Plaintiffs' discovery requests that it will be necessary for Defendant to utilize an eDiscovery platform, so the undersigned and Defendant's office also require more time to set up eDiscovery with a vendor.

7. On May 15, 2026, this Court granted Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests [Doc. 53], granting Defendant until July 17, 2026, to respond to Plaintiffs' discovery requests. [Dkt. 5/15/26; corrected 5/19/26].

8. As previously indicated in Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests, which this Court has granted, the parties have conferred and intend to address the matter of the discovery schedule with the Court.

9. This litigation relates to, *inter alia*, the issue of whether certain provisions of Illinois' Revised Uniform Unclaimed Property Act, 765 ILCS 1026/15-101 *et seq.* as amended effective Jan. 1, 2026, ("Unclaimed Property Act", or "Act") violate Plaintiffs' rights under the First and Fourteenth Amendments. [*See* Plaintiffs' First Amended Complaint, Doc. 36].

10. The Unclaimed Property Act was recently amended, effective January 1, 2026. The effect of said amendment on this lawsuit is a matter currently under consideration by this Court, as briefed by the parties in relation to Plaintiffs' pending Motion for Preliminary Injunction [Doc. 35]. This Court has not yet ruled on Plaintiffs' Motion for Preliminary Injunction. The parties have conferred and agree, for their respective reasons, that they wish to learn the outcome of the Motion for Preliminary Injunction before completing fact discovery and before completing all discovery.

11. More time is required to complete discovery in this matter, a process which may include but not be limited to the parties completing their written discovery (which may include addressing disputes related to same) as well as conducting depositions, including witness depositions and a Rule 30(b)(6) deposition.

12. District courts have broad discretion in managing discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In accordance with Federal Rule of Civil Procedure 26(c), a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford-El*, 523 U.S. at 599. "A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c)." *Selective Ins. Co. of Am. V. Smiley Body Shop, Inc.*, 2016 U.S. Dist. LEXIS 148649, *4 (S.D. Ind. 2016).

13. The parties jointly request that this Court temporarily stay discovery and all deadlines in this matter so that the parties can confer and discuss modification of the discovery schedule with this Court at the upcoming status hearing on June 8, 2026.

14. This stay and extension is necessary so that the undersigned counsel have sufficient time to adequately represent the parties and for the parties to prepare in this matter.

15. This request is made in good faith and is not made for the purpose of delay. This matter has not been set for trial, and no party will be prejudiced by the stay and extension.

16. Staying discovery and extending all deadlines will consequently necessitate vacating and later rescheduling the currently scheduled deadlines for the respective disclosure and deposition of experts (6/1/26, 7/1/26), the completion of all discovery (7/31/26), and case dispositive motions (9/11/26). Accordingly, the parties request that this Court vacate those settings and reschedule them after the scheduling of these matters can be recalculated accordingly.

WHEREFORE the parties respectfully request that this litigation be stayed, including discovery and all deadlines, pending the status hearing on June 8, 2026, and all other deadlines to be vacated and rescheduled at a later date accordingly.

Respectfully Submitted,

By: s/ James T. Knight II *(with consent)*
James T. Knight II
DC Bar No. 1671382
Attorney for Plaintiffs
Institute for Justice
901 N. Glebe Rd., Ste. 900
Arlington, VA 22203
Phone : (703) 682-9320
Email: jknight@ij.org

By: s/ Matthew Banach
Matthew P. Banach, #6288996
Assistant Attorney General
Attorney for Defendant
Office of the Attorney General
102 E. Main Street
Urbana, IL 61801
Phone: (217) 278-3329
Email: Matthew.Banach@ilag.gov
& gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DAVID KNOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | No. 24-cv-03067-CRL-DJQ |
| | ) | |
| MICHAEL W. FRERICHS, in his official capacity as Illinois State Treasurer, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, the foregoing document, ***JOINT MOTION FOR TEMPORARY STAY AND EXTENSION OF ALL DEADLINES***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James T. Knight, II – jknight@ij.org
Jeffrey Rowes – jrowes@ij.org
Sophia Henderson – shenderson@ij.org
Steven J. Sturm – ssturm@illinoistreasurer.gov

and I hereby that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

None

Respectfully submitted,

By: s/ Matthew Banach
Matthew Banach, #6288996
Assistant Attorney General
102 E. Main St.
Urbana, Illinois 61801
(217) 278-3329 Phone
(217) 278-3370 Fax
Email: Matthew.Banach@ilag.gov
& gls@ilag.gov