UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DAVID KNOTT, *et al.*

    Plaintiffs,

v.                                                  Case No. 3:24-cv-03067-CRL-DJQ

MICHAEL W. FRERICHS, in his official
capacity as Illinois State Treasurer,

    Defendant.

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

This notice of supplemental authority briefly explains the Supreme Court's decision in *Chiles v. Salazar*, 146 S. Ct. 1010 (2026). *Chiles* directly supports Plaintiffs' motion for a preliminary injunction, which is scheduled for hearing on June 16, 2026, at 1:00 p.m. *Chiles* was handed down on March 31, 2026, two weeks after Plaintiffs filed their Reply Memorandum (ECF 47-1, March 16, 2026) and hence couldn't have been addressed in prior briefing.

*Chiles* is so squarely controlling in Plaintiffs' favor that they offer slightly more than the usual commentary for a notice of supplemental authority.

**As here, *Chiles* involves an as-applied First Amendment preliminary injunction motion against an occupational licensing law restricting individualized advice.** In *Chiles*, invoking its power to license occupations, Colorado applied a new statute banning "conversion therapy" to "prohibit[] licensed counselors from engaging in . . . talk therapy . . . that involves no physical interventions or medications,

1

only the spoken word" when the purpose of those conversations was to alter a minor's sexual orientation or gender identity. 146 S. Ct. at 1017–18. Here, invoking its power to license occupations, Illinois is applying a new statute to Plaintiffs banning them from providing personal advice to people whose money is being held by the Treasurer if the purpose of Plaintiffs' speech is to help people claim their lost property. The statute also prevents Plaintiffs from providing information to the Treasurer about clients' lost property. *See, e.g.*, ECF 35-1 (Plaintiffs' Opening PI Memo.) at 7–8. Procedurally, *Chiles* likewise involved an as-applied preliminary-injunction motion. 146 S. Ct. at 1019–20.

**_Chiles_ affirmed that _Holder v. Humanitarian Law Project_ provides the test for determining if the government is regulating occupational speech or conduct.** 146. S. Ct. at 1022 (citing *Holder*, 561 U.S. 1, 26 (2010)). Plaintiffs' Opening PI Memorandum and Reply made that exact point. ECF 35-1 at 13–14; ECF 47-1 at 4–5. As Plaintiffs' PI Reply notes, the Treasurer never cites, much less distinguishes, *Holder*, the controlling case. ECF 47-1 at 5.

**Applying _Holder_, _Chiles_ held that Kaley Chiles's individualized advice was pure speech that, as applied, Colorado was restricting based on content, thus triggering strict scrutiny.** 146 S. Ct. at 1022–1024. So too here: Under *Holder*, Illinois's finder statute is, as applied, restricting Plaintiffs' pure speech based on its content, thus triggering strict scrutiny. *See* ECF 35-1 (Opening PI Memo.) at 13–17.

**_Chiles_ rejected Colorado's argument that it was regulating only professional "conduct" and thus "its law triggers no more than rational-basis or intermediate-scrutiny review."** 146 S. Ct. at 1023. Here, the Treasurer says the same thing: The "statute at issue regulates professional conduct and should be reviewed using the rational basis standard," ECF 42 (Treasurer's PI Resp.) at 6, or, in the

2

alternative, that the "Statute is constitutional even under intermediate scrutiny," *id*. at 9. That argument should be rejected, as it was in *Chiles*.

***Chiles* confirms that the Seventh Circuit was right in applying *Holder* to affirm a PI against an Indiana occupational licensing requirement in *Richwine*.** Plaintiffs argued that they are entitled to a preliminary injunction against Illinois's finder licensing statute for the same reasons Lauren Richwine got a PI against an Indiana funeral licensing statute in *Richwine v. Matuszak*, 148 F.4th 942 (7th Cir. 2025). *See* ECF 35-1 (PI Opening Memo.) at 11–15; ECF 47-1 (PI Reply) at *passim*. *Richwine* followed *Holder*, just as *Chiles* did. 148 F.4th at 953–954.

*    *    *

*Chiles* is dispositive. Plaintiffs are entitled to a preliminary injunction under the same analysis the Supreme Court applied to Kaley Chiles's pure speech.

<table>
<tr><td>Dated: June 2, 2026</td><td> s/James T. Knight II<br>James T. Knight II<br>DC Bar No. 1671382<br>Sophia Henderson<br>VA Bar No. 99385<br>INSTITUTE FOR JUSTICE<br>901 N. Glebe Rd., Ste. 900<br>Arlington, VA 22203<br>(703) 682-9320<br>jknight@ij.org<br>shenderson@ij.org<br><br>Jeffrey Rowes<br>TX Bar No. 24104956<br>INSTITUTE FOR JUSTICE<br>816 Congress Ave., Ste. 970<br>Austin, TX 78701-2475<br>(512) 480-5936<br>jrowes@ij.org<br><br>*Counsel for Plaintiffs*</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, a true and correct copy of the forgoing document was electronically filed using the Court's ECF system and sent via the ECF electronic notification system to all counsel of record.

 s/James T. Knight II
James T. Knight II
*Counsel for Plaintiffs*
